Glenn R. Kantor – State Bar No. 122643
  E-mail: gkantor@kantorlaw.net
Alan E. Kassan – State Bar No. 113869
  E-mail: akassan@kantorlaw.net
Mitchell O. Hefter – State Bar No. 291985
  E-mail: mhefter@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:   (818) 350-6272

Attorneys for Plaintiff,
JULIE GRAY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| JULIE GRAY,<br><br>      Plaintiff,<br><br>    vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and THE BOY SCOUTS OF AMERICA LONG TERM DISABILITY PLAN,<br><br>      Defendants. | CASE NO:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; BREACH OF FIDUCIARY DUTIES AND DEMAND FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

     Plaintiff, Julie Gray, herein sets forth the allegations of her Complaint against Defendants Unum Life Insurance Company of America ("Unum") and The Boy Scouts of America Long Term Disability Plan (the "Plan").

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits, enforcing Plaintiff's rights, breach of fiduciary duties and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to, payment of benefits, surcharge for breach of fiduciary duties, pre-judgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of The Boy Scouts of America, and a resident of Riverside County, California.

3. Plaintiff is informed and believes that Defendant Unum is a corporation with its principal place of business in the State of Maine, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California. Plaintiff is informed and believes that her employer's Plan was funded in whole or in part via the purchase of an insurance policy from Unum. Unum is the insurer of all or some portion of benefits under the Plan. Unum administered the claim, interpreted Plan terms, and issued a claim denial, all while operating under a conflict of interest; and the bias this created adversely affected the claims determination.

4. Plaintiff is informed and believes that Unum identifies the group policy it issued to The Boy Scouts of America as Policy No. 594664 001 (the "Policy"). Plaintiff is informed and believes that Unum intended that the subject Policy would result in coverage being provided to residents of the State of California. Plaintiff is

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

COMPLAINT

informed and believes that the Policy was issued on or before January 1, 2012, and has an annual ERISA Plan year end date of December 31.

5.      Plaintiff is further informed and believes that the Policy has remained in effect since its inception, and was renewed or amended on or after January 1, 2012.

6.      Plaintiff is informed and believes that Defendant Plan is an employee welfare benefit plan regulated by ERISA, established by The Boy Scouts of America, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to benefits. Pursuant to the terms and conditions of the Plan, Plaintiff is entitled to long-term disability ("LTD") benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the Plan. The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

7.      Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF AGAINST UNUM LIFE INSURANCE COMPANY OF AMERICA AND THE BOY SCOUTS OF AMERICA LONG TERM DISABILITY PLAN FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**
**(29 U.S.C. § 1132(a)(1)(B))**

8.      Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

9.      At all times relevant, Plaintiff was employed by The Boy Scouts of America, and was a covered participant under the terms and conditions of the Plan.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886-2525

10.     During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan. Specifically, while Plaintiff was covered under the Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Plan due to, among other things, a gait and balance disorder, subsequently diagnosed as focal dystonia, cervical surgery, and adverse side effects from medication she is required to take in an attempt to manage the symptoms of her disability. Plaintiff ceased work on or about October 17, 2007.

11.     Pursuant to the terms of the Plan, Plaintiff made a claim to Unum. Unum approved Plaintiff's claim for benefits on or about April 23, 2008. Plaintiff remained disabled pursuant to the terms of the Plan, however, despite said disability, Unum terminated her benefits on or about September 28, 2016.

12.     Plaintiff submitted a timely appeal of the termination of her benefits and provided additional evidence in support of her claim.  Despite overwhelming evidence of a covered LTD claim, by letter dated June 14, 2017, Unum erroneously and wrongfully upheld its prior determination denying Plaintiff's claim for LTD benefits, thereby exhausting her administrative remedies. Defendants Unum and the LTD Plan breached the Plan and violated ERISA in the following respects:

(a)     They failed to pay LTD benefit payments to Plaintiff at a time when Unum and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and Unum had such knowledge, Unum denied Plaintiff's LTD benefits;

(b)     They failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the effective denial of Plaintiff's claims for LTD benefits;

4
COMPLAINT

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

(c)     After Plaintiff's claim was effectively denied, Unum failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary and

(d)     They failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

13.     Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

14.     Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

15.     As a proximate result of the aforementioned wrongful conduct of the Plan and Unum, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

16.     As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

17.     The wrongful conduct of the Plan and Unum has created uncertainty where none should exist, therefore Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

COMPLAINT

1

## SECOND CLAIM FOR RELIEF AGAINST UNUM LIFE INSURANCE COMPANY OF AMERICA FOR BREACH OF FIDUCIARY DUTIES AND SURCHARGE, PRE-JUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS (29 U.S.C. § 1132(a)(3)

18.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

19.    As a part of the benefit of her employment, Plaintiff was entitled to employee benefits including, but not limited to, service pension contributions and medical health care coverage for so long as she remains disabled under the terms of the Plan.

20.    At all times relevant hereto, Unum was an ERISA fiduciary, who owed plaintiff a "higher than marketplace" duty to place plaintiff's interests ahead of that of its own and to correctly administer her claim as specified in 29 C.F.R. 2560-503.1.

21.    Unum breached its fiduciary duties in wrongfully terminating plaintiff's benefits to suit its own financial interests. As a consequence thereof, plaintiff has been harmed in that she has lost employee status with The Boy Scouts of America. Since she is no longer an employee, she is not entitled to the additional employee benefits of pension contribution and employee medical coverage. Plaintiff has suffered a loss in the amount of increased medical premiums and loss of retirement benefits.

22.    As a result of defendant's breach of fiduciary duties, plaintiff has been harmed by the amount of increased medical premiums and loss of retirement benefits and defendant should be surcharged for the loss it caused.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.    Payment of disability benefits due Plaintiff;

2.    An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

6

COMPLAINT

disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3.      Surcharge, in the amount to compensate plaintiff for the increased medical premiums she has been required to pay and compensation for the loss of retirement benefits plaintiff has sustained as a consequence of Unum's wrongful termination in benefits.

4.      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.      Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

6.      Such other and further relief as this Court deems just and proper.

DATED:        September 1, 2017          KANTOR & KANTOR, LLP

                                        By:    /s/ Glenn R. Kantor
                                               Glenn R. Kantor
                                               Attorneys for Plaintiff
                                               JULIE GRAY

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

COMPLAINT