UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 17-1778-JGB-KKx** | Date: | September 21, 2018 |
|---|---|---|---|

Title: *Julie Gray v. UNUM Life Insurance Company of America, et al.*

---

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):      Attorney(s) Present for Defendant(s):

None Present                                                None Present

**Proceedings:**   **(In Chambers) Order GRANTING IN PART and DENYING IN PART Plaintiff's Motion to Compel [Dkt. 40]**

On August 22, 2018, Julie Gray ("Plaintiff") filed a Motion to Compel Unum Life Insurance Company of America ("Defendant Unum") to provide further responses to (1) Requests for Production, Nos. 2-5, and (2) Notice of Deposition under Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)"), Subjects 1-5, 8-12, 14, 15, and 17.  ECF Docket No. ("Dkt.") 40.

For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Compel.

## I.
## RELEVANT BACKGROUND

This Employee Retirement Income Security Act ("ERISA") action arises out of the alleged wrongful termination of Plaintiff's long term disability benefits on or about September 28, 2016. Dkt. 1 at 4.  Plaintiff initiated this action by filing a Complaint against defendants Unum Life Insurance Company of America and the Boy Scouts of America Long Term Disability Plan (collectively, "Defendants").  In her remaining claim, Plaintiff seeks relief from Defendants for long term disability plan benefits, enforcement and clarification of rights, pre-judgment and post-judgment interest, and attorneys' fees.  Id. at 6.  Plaintiff asserts she is "informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the [Long Term Disability] Plan by other acts or omissions".  Id. at 5.  Plaintiff contends that through informal investigation, she "has ascertained that Unum has a business practice of forecasting and targeting [disability] claims for potential 'recoveries,' i.e., terminations."  Dkt. 40 at 6.  As such, Plaintiff

alleges "factors unrelated to the merits of her [long term disability] claim motivated the claim decision [to terminate her disability benefits]." Id. at 8.

On January 12, 2018, Defendants filed an Answer. Dkt. 25.

On January 16, 2018, the Court issued a Civil Trial Scheduling Order setting a discovery cut-off of June 11, 2018, a dispositive motion hearing cut-off of August 20, 2018, and a bench trial for October 16, 2018. Dkt. 33.

On August 1, 2018, the parties filed a stipulation to continue pre-trial and trial dates. Dkt. 38. On August 2, 2018, the Court granted the parties' stipulation and set a discovery cut-off of October 13, 2018 and a bench trial for January 14, 2019. Dkt. 39.

On August 22, 2018, Plaintiff filed the instant Motion to Compel with Joint Stipulation pursuant to Local Rule 37-2 seeking to compel Defendant Unum to provide further responses to (1) Requests for Production, Nos. 2-5, and (2) Notice of Deposition under Rule 30(b)(6), Subjects 1-5, 8-12, 14, 15, and 17. Dkt. 40. On September 6, 2018, Plaintiff filed a Supplemental Brief in support of the Motion. Dkt. 41. The Motion thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

## III.
## DISCUSSION

### A. REQUESTS FOR PRODUCTION

#### 1. Applicable Law

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

#### 2. Plaintiff's Motion to Compel Requests for Production, Nos. 2-5 is GRANTED

Plaintiff's Requests for Production, Nos. 2-5, to Defendant Unum seek the following:

- Request No. 2: "All Weekly Tracking Qtr. View Reports for claims within the same Unit(s) to which THE CLAIM was assigned during the time period of May 30, 2016 through and including October 30, 2017."
- Request No. 3: "All communications within the Unit(s) to which THE CLAIM was assigned during the time period of May 30, 2016 through and including October 30, 2017 regarding 'recovery plans,' as that term is described in Exhibit A, p. 22:12 to 24:24."
- Request No. 4: "All communications generated by a financial unit within UNUM regarding the historical performance of the block of claims to which THE CLAIM was assigned during the time period of May 1, 2016 through and including October 30, 2017."
- Request No. 5: "All communications within the Unit(s) to which THE CLAIM was assigned during the time period of May 1, 2016 through October 30, 2017, regarding THE CLAIM and/or any recovery plan including THE CLAIM, including, but not limited to instant messaging communications, communications saved to individual desktops and/or folders which included a forecast of projected recoveries."

Dkt. 40 at 12-16. Plaintiff defines the term "THE CLAIM" as referring to "the disability claim submitted by Julie Gray, which is the subject of this action." Id. at 16.

Plaintiff seeks these Requests for Production to "show that Unum's financial conflict of interest tainted [Plaintiff's termination of] benefit decision." Dkt. 40 at 21. Specifically as to Requests 3-5, Plaintiff "seeks recovery plans and communications regarding recovery plans which were communicated or provided to the Unit where plaintiff's claim pended." Dkt. 43 at 3-4. Plaintiff argues that previous deposition testimony from former employees of Defendant Unum "directly contradict whether Unum truly evaluates claims solely on their merit and without regard to its financial conflict of interest. According to deposition testimony and as strongly suggested in the Weekly Tracking Reports, Unum is motivated to terminate claims as 'recoveries.' This is done to meet forecasted projections, release claim reserves and to improve the financial picture of Unum." Dkt. 40 at 22.

Defendant Unum objects to Request 2 as (1) vague and ambiguous; (2) overly broad; (3) not relevant to the claims or defenses; (4) seeking confidential records; and (5) seeking information that pertains to other insureds who have privacy rights. Dkt. 40 at 12. Defendant Unum further alleges that "Weekly Tracking Qtr. View Reports" "were not considered, reviewed or used in the administration of and decision made with respect to Plaintiff's claim, or the decision to uphold the denial on appeal". Id. As a result, Defendant Unum is "withholding documents that are potentially responsive to this request but irrelevant to Plaintiff's claim." Id.

Defendant Unum objects to Request 3 as (1) vague and ambiguous; (2) overly broad; (3) not relevant to the claims or defenses; (4) seeking confidential records; and (5) seeking information that pertains to other insureds who have privacy rights. Dkt. 40 at 13. Defendant Unum further asserts it has "conducted a reasonable, proportionate and diligent inquiry and states there were no 'recovery plans' considered, reviewed or used by the Director who managed the individual who made the decision that Plaintiff was no longer entitled to benefits, the individual who made that decision (the DBS), the Director who managed the person who upheld the decision on appeal, or the person who made the appeal decision." Id.

Defendant Unum objects to Request 4 as (1) overly broad; (2) vague, ambiguous, unintelligible, unduly burdensome, and harassing; (3) not relevant to the claims or defenses; (4) seeking confidential records; and (5) seeking information that pertains to other insureds who have privacy rights. Dkt. 40 at 14. Defendant Unum further argues "neither Benefits Center claims personnel nor appeals personnel have any role or responsibility in the management, reporting or other functions of Unum Group's finances. They do not have access to information regarding Unum Group's profit and loss (other than information publicly available). Any 'Historical performance of the block of claims to which the claim was assigned' was not considered, reviewed or used in the administration of and decision made with respect to Plaintiff's claim, or the decision to uphold the denial on appeal." Id. at 14-15.

Defendant Unum objects to Request 5 as (1) compound; (2) overly broad; (3) vague, ambiguous and unintelligible; (4) unduly burdensome and harassing; (5) seeking documents that are not relevant to the claims or defenses; and (6) seeking confidential records. Dkt. 40 at 15. Defendant Unum further asserts it has "produced a complete copy of Administrative Record, which contains all documents compiled and considered by [Defendant Unum] in the administration of Plaintiff's claim, including internal communications. [Defendant Unum] has conducted a reasonable, proportionate and diligent inquiry and states there were no 'recovery plans' considered, reviewed or used in the administration of and decision made with respect to Plaintiff's claim, or the decision to uphold the denial on appeal." Id. at 15-16.

As an initial matter, the Court finds boilerplate objections such as "unduly burdensome" and "harassing," improper especially when Defendant Unum has failed to submit any evidentiary declarations supporting such objections. See Garber, 234 F.R.D. at 188. Moreover, Defendant Unum's objections suggest that it has within its possession the documents requested by Plaintiff but it has reviewed the documents and decided they were not relevant to Plaintiff's claims. As such, Defendant Unum's burden on producing documents it has already extracted for this case is minimal. Thus, the Court cannot rely on Defendant Unum's conclusory objections.

Next, the Court finds Plaintiff has met her burden of "demonstrating why the information sought is relevant and why the responding party's objections lack merit." See Bluestone Innovations, 2013 WL 6354419, at *2. The Court finds Plaintiff's Requests for Production regarding alleged financial incentives Defendant Unum had to terminate disability claims relevant to determining whether Defendant Unum's decision to terminate Plaintiff's plan for reasons other than the merits of Plaintiff's claim. Indeed, these Requests for Production may allow Plaintiff to demonstrate a conflict of interest in Defendant Unum's decision to terminate Plaintiff's benefit. See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 949-50 (9th Cir. 2007) (observing some discovery aimed at proving a conflict of interest may be appropriate in an ERISA action).

Finally, to the extent Defendant Unum raises any legitimate privacy concerns, privacy does not completely bar discovery of protected material; rather, it generally requires balancing the needs of the party seeking discovery with the burden of production. See Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Here, Defendant Unum's conclusory assertion of privacy is insufficient to preclude production of relevant documents. See Solomon v. Jacobson, No. EDCV 15-1453-VAP (JPRx), 2016 WL 6039184, at *2 (C.D. Cal. Apr. 1, 2016) (finding defendant's "nonspecific boilerplate" responses to plaintiff's requests for production "inadequate" under Federal Rule of Civil Procedure 34). Moreover, the Court finds privacy concerns can be mitigated by an appropriate protective order. See Soto, 162 F.R.D. at 616.

Hence, Plaintiff's Motion to Compel further responses to Requests for Production, Nos. 2-5 is GRANTED subject to a protective order limiting public disclosure of the documents and use for any purpose other than prosecuting this litigation.

**B.     DEPOSITIONS**

   **1.     Applicable Law**

Federal Rule of Civil Procedure 30 governs depositions by oral examination. See Fed. R. Civ. P. 30. Rule 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1). In turn, Rule 30(b)(6) provides that:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with *reasonable particularity* the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who

consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Fed. R. Civ. P. 30(b)(6) (emphasis added). Once served with the deposition notice under Rule 30(b)(6), the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics. Great Am. Ins. Co. of New York v. Vegas Const. Co., 251 F.R.D. 534, 538 (D. Nev. 2008). The responding party has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." Id. at 539 (internal citation and quotation marks omitted).

### 2. Plaintiff's Motion to Compel Rule 30(b)(6) Depositions, Subjects 1-5, 8-12, 14, and 17 is GRANTED

Plaintiff's Rule 30(b)(6) Notice of Deposition requested Defendant Unum to produce witnesses on the following subjects of testimony:

- Subject 1: "The utilization 'recovery plans' by UNUM personnel as that term is described in Exhibit A hereto, pp. 22:12 to 24:24."
- Subject 2: "The factors utilized by UNUM personnel of claims when determining whether a claim has a potential for a 'recovery,' as that term is described in Exhibit A, pp. 22:12 to 24:24."
- Subject 3: "The communication of the 'Plans' within UNUM, as reflected in the Weekly Tracking Quarter View Reports, an example of which is attached hereto as Exhibit B.
- Subject 4: "The business practices of UNUM with respect to record keeping of projections and actual realizations of recovery plans."
- Subject 5: "UNUM's interpretation and use of the information reported on the Weekly Tracking Quarter View Report, attached hereto as Exhibit B."
- Subject 8: "The existence and amount of the recovery plans, for the Unit(s) to which THE CLAIM was assigned, for each month during the time period of November 1, 2016 through and including November 30, 2017."
- Subject 9: "The manner in which the UNUM Directors, of the Unit(s) to which THE CLA[I]M was assigned during the time period of November 1, 2016 through November 30, 2017, received projected recovery plans and his or her custom and practice with respect to the retention of said information."
- Subject 10: "The financial consequences and/or implications to UNUM of a 'recovered' claim."
- Subject 11: "The definition and/or interpretation of a 'recovery' by UNUM."
- Subject 12: "Identification of all documents within the Unit(s) to which THE CLAIM was assigned during the time period of November 1, 2016 through November 30, 2017, whether maintained on a database or an individual workstation, which reflected whether THE CLAIM was forecasted for recovery."
- Subject 14: "Whether any information or documents pertaining to THE CLAIM have been destroyed."

- Subject 17. "The search and inquiry which was conducted by UNUM to respond and locate documents responsive to Plaintiff's First Request for Production, which is served herewith."

Dkt. 40 at 16-18. Plaintiff defines the term "THE CLAIM" as referring to "the disability claim submitted by Julie Gray, which is the subject of this action." Id. at 16.

Plaintiff seeks Rule 30(b)(6) Depositions of these subjects of testimony to prove Defendant Unum's financial conflict of interest affected its decision in terminating Plaintiff's plan. Dkt. 40 at 21. As stated above, Plaintiff contends previous deposition testimony from former employees of Defendant Unum "directly contradict whether Unum truly evaluates claims solely on their merit and without regard to its financial conflict of interest." Id. at 22. Plaintiff adds that these subjects of testimony are "relevant to show that Unum's interest in protecting its financial interest has infected its claim process. This is directly relevant on whether Unum's conflict of interest affected plaintiff's claim." Id. at 24. Moreover, Plaintiff asserts these subjects are "directly relevant" to the "'corporate culture' of Unum protecting its own financial interest, ahead of ERISA participants and fiduciaries. This is directly probative of whether Unum's financial conflict infected the claim process, which resulted in the termination of benefits." Id. at 25.

Defendant Unum objects to these subjects of testimony as irrelevant given that Defendant Unum allegedly "determin[ed] to terminate Gray's benefits [] based on a full and thorough review of all the medical, vocational and other evidence in the record . . . without regard to the entity responsible for paying the claim" or "[i]nformation concerning the finances of Unum Group or its subsidiaries". Dkt. 40 at 31. Defendant Unum contends that it "expressly advised through its discovery responses that 'recovery plans' and 'Weekly Tracking Qtr. View Reports' were not considered, reviewed or used" in determining to terminate Plaintiff's benefits. Id. at 32. Defendant Unum adds that "there is no evidence whatsoever that Unum Life's structural conflict affected its discretion in reviewing Plaintiff's claim or that its determination of Plaintiff's claim was motivated by any financial information, let alone by financial gain." Id. at 37-38.

The Court finds Plaintiff has met her burden of "demonstrating why the information sought is relevant and why the responding party's objections lack merit." See Bluestone Innovations, 2013 WL 6354419, at *2. Plaintiff's Rule 30(b)(6) Deposition, Subjects 1-5, 8-12, 14, and 17 regarding Defendant Unum's alleged conflict of interest in terminating claims relevant to deciding whether Defendant Unum terminated Plaintiff's plan because of financial concerns. As stated above, Plaintiff may seek discovery requests, like the Depositions at issue here, to demonstrate a conflict of interest in Defendant Unum's termination of Plaintiff's plan. See Welch, 480 F.3d at 949-50. Moreover, the Court finds additional weight to the appropriateness of Plaintiff's Deposition requests where previous employees of Defendant Unum have allegedly testified the company is motivated financially to terminate claims. Dkt. 40 at 22.

Additionally, to the extent Defendant Unum raises any legitimate privacy concerns with respect to Plaintiff's Rule 30(b)(6) Notice of Deposition, Subjects 1-5, 8-12, 14, and 17, privacy concerns can be mitigated by an appropriate protective order. See Soto, 162 F.R.D. at 616.

Hence, Plaintiff's Motion to Compel Rule 30(b)(6) Deposition, Subjects 1-5, 8-12, 14, and 17 is GRANTED subject to a protective order limiting public disclosure of the documents and use for any purpose other than prosecuting this litigation.

### 3. Plaintiff's Motion to Compel Rule 30(b)(6) Deposition, Subject 15 is DENIED

Plaintiff's Rule 30(b)(6) Notice of Deposition, Subject 15 requested Defendant Unum to produce witnesses on the subject of "Whether UNUM's claim practices during the time period of November 1, 2016 through November 30, 2017, with respect to THE CLAIM, were consistent with the Stipulated Settlement Agreement, attached hereto as Exhibit D." Dkt. 40 at 17. Plaintiff describes the Stipulated Settlement Agreement as the 2005 Settlement Agreement ("CSA") between Unum and the California Department of Insurance. Id. at 17 n.6.

Plaintiff seeks Rule 30(b)(6) Deposition, Subject 15 to determine "if Unum still abides by the terms of the CSA or whether it has since changed its interpretation of the Policy and if so, why." Dkt. 40 at 29. Plaintiff argues that Defendant Unum's terminating her disability plan by determining that "plaintiff could perform her occupation as it is performed 'in the national economy' . . . is a breach of the CSA." Id. at 29.

Defendant Unum objects to this subject of testimony arguing "[d]iscovery relating to the 2005 CSA is simply not relevant to the termination of Plaintiff's benefits in 2016." Dkt. 40 at 38. Defendant Unum asserts "Unum Life's settlement agreement with the California Department of Insurance more than 10 years before it determined that Plaintiff was no longer entitled to benefits is not evidence that its claim determination was affected by a financial conflict of interest." Id. at 41.

The Court finds Plaintiff has not met her burden of "demonstrating why the information sought is relevant and why the responding party's objections lack merit." See Bluestone Innovations, 2013 WL 6354419, at *2. The Court finds Rule 30(b)(6) Deposition, Subject 15 is not relevant to Plaintiff's allegation that Defendant Unum's decision to terminate Plaintiff's long term disability benefits was based on factors not related to the merits of Plaintiff's claim. Indeed, nowhere in Plaintiff's Complaint does she assert that Defendant Unum is performing acts violating the 2005 California Settlement Agreement. See Dkt. 1.

Hence, Plaintiff's Motion to Compel a further response to Notice of Deposition under Rule 30(b)(6), Subject 15 is DENIED.

## IV.
## ORDER

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED**:

1. Plaintiff's Motion to Compel is **GRANTED** as to Requests for Production, Nos. 2-5, and Notice of Deposition under Rule 30(b)(6), Subjects 1-5, 8-12, 14, and 17.

    a. **Within seven (7) days of the date of this Order**, the parties may file a proposed stipulated protective order limiting public disclosure of protected information and use for any purpose other than prosecuting this litigation. In the event the parties fail to file

a proposed stipulated protective order, the Court will issue an appropriate order to facilitate the exchange of relevant discovery. The parties are further directed to the Court's sample stipulated protective order located on the Court's website for a sample of the format of an approved stipulated protective order. The parties are strongly encouraged to use the language contained in the approved stipulated protective order.

- b. **Within ten (10) days of the date of entry of a Protective Order**, Plaintiff shall provide to Defendant Supplemental Responses to Requests for Production, Nos. 2-5.

- c. **Within twenty (20) days of the date of this Order**, Defendants shall appear for their previously noticed depositions regarding Subjects 1-5, 8-12, 14, and 17 on a mutually agreeable day.

2. Plaintiff's Motion to Compel is **DENIED** as to Notice of Deposition under Rule 30(b)(6), Subject 15.